UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LAKE,

        Plaintiff,

    v.

RALPH DIAZ, et al.,

        Defendants.

No. 2:21-cv-0395 AC P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.

    I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

---

[1] Plaintiff indicates on the form complaint that he is proceeding pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which permits federal prisoners to seek damages against a federal officer for having violated rights protected by the United States Constitution. In this case, however, plaintiff's mailing address and the allegations asserted in the pleading concern the conditions of his confinement at Mule Creek State Prison in Ione, California, meaning that plaintiff is a state (not federal) prisoner. The Court thus construes the complaint as having been filed pursuant to 42 U.S.C. § 1983.

1

1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. THE COMPLAINT

As noted above, plaintiff is incarcerated at Mule Creek State Prison (MCSP). This action proceeds against Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Patrick Cevello, MCSP Warden; and John Does 1-10.

Plaintiff's factual allegations are sparse. As best as the Court can discern, plaintiff purports to bring a class action concerning one or more executive orders issued by Governor Gavin Newsom in response to the COVID-19 pandemic. According to plaintiff, the order(s) directed CDCR officials to release 20,000 state inmates who meet certain criteria, including

advanced age, a non-violent offender, and/or disabled. On November 16, 2020, plaintiff submitted a Petition for Release Due to Coronavirus Pandemic claiming to meet these criteria. ECF No. 1 at 15. Specifically, plaintiff asserted that he is over 60 years old, his underlying offense was not violent, and he is disabled. Presumably, plaintiff's Petition for Release was denied.

Plaintiff lists several claims, reproduced here, premised on the aforementioned allegations:

> (1) Violation of due process right to Governor Gavin Newsom 20,000 release overcrowding (2) COVID-19 social distancing (3) ADA elderly release (4) high risk medical (5) appeals system violation to due process rights (6) single cell violation, deliberate indifference, cruel and unusual punishment (7) ADA deliberate indifference to 15 CCR § 3358 artificial appliance Braille talking book program, [unintelligible] pocket-talker, bed crate, mattress, CPOC cord, knee braces, orthopedic shoes & orthotic insole ect, ect. [*sic*]

Compl. at 3 (ECF No. 1 at 6).

For relief, plaintiff seeks release from prison, damages, injunctive relief in the form of single cell housing and social distancing, the provision of unspecified appliances, "attorney general assistance," and payments under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.

IV.   FAILURE TO STATE A CLAIM

A. Plaintiff Cannot Maintain a Class Action

Although plaintiff attempts to prosecute this lawsuit as a class action, he may not do so. One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A class action may not be certified where the representative parties are without counsel and especially where the plaintiff is incarcerated. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to

4

represent fellow prisoner in a class action).  "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class."  Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983).  While plaintiff is proceeding pro se, it is well-established that a layperson cannot ordinarily represent the interests of a class.  See McShane, supra, at 288.  Further, a plaintiff's privilege to appear in propria persona, as plaintiff does here, is a "privilege ... personal to him.  He has no authority to appear as an attorney for others than himself."  Id.

Plaintiff will therefore be required to amend his complaint clarifying that he brings this action solely on behalf of himself.

   B. Failure to Comply with Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  Therefore, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the defendants are liable for any misconduct.  Iqbal, 556 U.S. at 678.  No basic facts are provided.  Plaintiff asserts only conclusory statements, insufficiently supported by factual details, which do not suffice to state any claim.  For these reasons, plaintiff's complaint fails to comply with Rule 8's pleading standard.

   C. No Allegations of Personal Involvement

Relatedly, plaintiff sues the Secretary of the CDCR and the MCSP Warden but fails to

assert any allegations as to either. "Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either defendants' personal involvement in the alleged violation of his rights or a causal connection between defendants' conduct and the violation, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). It appears that defendants have been named based solely on their supervisory positions, which is insufficient to state a claim for relief.

Even were the Court to construe plaintiff's complaint as asserting that supervisory officials failed to act to prevent the spread of the COVID-19 virus in the prison, courts in this district have repeatedly held that such generalized allegations fail to state a claim. Booth v. Newsom, No. 20-cv-1562 AC P, 2020 WL 6741730, at *2-3 (E.D. Cal. Nov. 17, 2020) (sua sponte dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to COVID-19"), Blackwell v. Covello, No. 20-cv-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (generalized allegations that warden had not done enough to control the spread of Covid-19 in the prison failed to state an Eighth Amendment claim), and Benitez v. Sierra Conservation Ctr., Warden, No. 21cv0370-BAM PC, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) ("In order to state a cognizable Eighth Amendment claim against the warden and the Health Executive Officer, Plaintiff must provide more than generalized allegations that the warden and the Health Executive Officer have not done enough regarding control the spread [of Covid-19]."), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021)).

The complaint is therefore also subject to dismissal because plaintiff fails to link any allegations to the named defendants.

### D. Release from Custody Unavailable in this Action

Finally, plaintiff's request for release from custody is not a form of relief available in a civil rights action. See Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (a writ of habeas corpus is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release' " from confinement). If plaintiff wishes to proceed with a claim that he is entitled to release from custody pursuant to an executive order issued by the Governor, he must do so in a petition for a writ of habeas corpus filed in a new case. However, plaintiff is advised that he may not contest the state's denial of a request for compassionate release in federal court. Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release because an assertion that state officials failed to follow state law is not cognizable in federal court). Plaintiff is further advised that before he may file a habeas petition in this court, he must first exhaust any constitutional claims by raising them in the California Supreme Court. 28 U.S.C. § 2254(b)(1).

### E. Leave to Amend

Plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. Plaintiff will be given an opportunity to amend the complaint. In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint they must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

7

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

VIII.   PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted, and you will not have to pay the filing fee all at once. The court has screened your complaint and finds that it does not state a claim for relief. The complaint will not be served, but you may file an amended complaint that tries to fix the problems described in this order.

If you choose to amend your complaint, follow the instructions provided above. Be sure to clearly identify who did what to violate your rights. Remember that supervisors can be liable

only for violations they participate in or otherwise cause; they can't be sued for things that other people did.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

4. Within thirty days from the date of this order, plaintiff shall file a first amended complaint.

DATED: November 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE